IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **AANDRE DAVID ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 4:23-cv-00171-CDL-MSH |
| v. | : | |
| | : | |
| **Deputy WHITAKER,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** | : | Before the U. S. Magistrate Judge |
| | : | |

# ORDER

*Pro se* Plaintiff A'Andre David Allen, an inmate at the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for the appointment of counsel (ECF No. 2) and a motion for leave to proceed *in forma pauperis* (ECF No. 3).

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed a motion to proceed *in forma pauperis*. ECF No. 3. Under 28 U.S.C. § 1915(a), "the commencement or filing of the suit depends solely on whether the affiant is economically eligible. *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). When considering a motion to proceed *in forma pauperis* filed under § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A plaintiff's pleadings in support of his request to proceed *in forma pauperis* should demonstrate "that the litigant, because of his poverty, is unable to pay for the court

fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

It bears emphasizing that 28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of any costs. Indeed, to the contrary, the statute conveys only a privilege to proceed to those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy*, 607 F. Supp. at 33 (S.D. Fla. 1984) (*citing Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss.1968)). The Eleventh Circuit has noted that 28 U.S.C. § 1915(a), "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. Thus, the district court is given wide discretion to decide motions to proceed *in forma pauperis* and should "grant the privilege sparingly" in civil lawsuits. *Martinez*, 364 F.3d at 1306.

Plaintiff's account certification indicates that he presently has $614.12 on hand in his prisoner account. ECF No. 3-1 at 1. Moreover, within the previous six months, Plaintiff has spent $416.53 on discretionary spending from a $1400.00 stimulus check he received from the U.S. Treasury Department. *Id*. at 2. Thus, Plaintiff plainly had income at his disposal immediately following the events of which he complains and upon filing

2

this action. Furthermore, Plaintiff's basic needs are met by the Georgia Department of Corrections, and he does not demonstrate that anyone is solely dependent upon him for financial support. *See Martinez*, 364 F.3d at 1307; *Wilson,* 313 F.3d at 1319-20; *Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate *in forma pauperis* status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care").

Therefore, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **DENIED**. Plaintiff should note that it is ***his responsibility*** to initially pay filing fees upon the submission of any complaint in this Court. Thus, Plaintiff must properly arrange with the appropriate prison officials to have the filing fee forwarded to the Court. Plaintiff is **ORDERED** to pay the $402.00 filing fee in full within **FOURTEEN (14) DAYS** from the date shown on this Order.[1] Failure to do so will result in the dismissal of this action.

## MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 2. First, Plaintiff has funds in his account and thus he has been

---

[1] Plaintiff is cautioned that if he depletes his account through discretionary spending rather than satisfying his obligation to pay the filing fee, then this action may still be dismissed for failure to pay the filing fee. *See Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay a filing fee when trust fund statement showed Plaintiff spent his money on discretionary items as opposed to paying the filing fee).

denied leave to proceed *in forma pauperis*. More importantly, as this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth essential factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present claims to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff complains about entirely separate events from various dates that assert different types of unrelated claims from his incarceration at the Muscogee County Jail. *See* ECF No. 1. However, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11thCir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Just because alleged events occur in one prison or jail does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). The Court "has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citations omitted).

Accordingly, this Court finds that the following claims as set forth by the Plaintiff are all unrelated and therefore improperly joined in this civil action:

1. Plaintiff's Eighth Amendment claim regarding an assault from January 2022 and harassment involving Defendant Whitaker (ECF No. 1 at 9-11);

2. Plaintiff's Eighth Amendment claims raised against unspecified Defendants for the conditions of his confinement seemingly from September 2016 (ECF No. 1 at 12);

3. Plaintiff's First Amendment and RLUIPA claims against unspecified Defendants for the refusal to provide Plaintiff with a King James Version of the Bible when requested in February 2022 (ECF No. 1 at 14-15);

4. Plaintiff's claims against Defendants Mitchell and Trombley regarding the failure to respond to Plaintiff's grievances filed on unspecified dates (ECF No. 1 at 16).

The Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to

ensure that prisoners pay the required filing fees". This Court agrees with the Seventh Circuit. Accordingly, if Plaintiff wishes to pursue each of these four unrelated claims, then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

Plaintiff is further cautioned that many of his allegations fail to state a claim for relief under § 1983. As for his conditions of confinement claim[3] and religious freedom claims, he has failed to attribute these claims to any specific Defendant. A district court properly dismisses a complaint when the plaintiff, other than naming defendants in the caption of the complaint, fails to state any allegations that connect a defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state

---

[3] The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury, and for Georgia, that is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003). The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). Therefore, Plaintiff's claims from his incarceration in 2016, as he presently presents them, are presumably barred by the two-year statute of limitations. *See Clark v. State of Ga. Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint, justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Conclusory references to "an officer", "a female officer", and "Muscogee County jailhouse" as utilized by Plaintiff (ECF No. 1 at 12 and 14) fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas*, 535 F.3d at 1321-22. Collective liability, *i.e.*, when claims are brought against defendants such as "the jail", "administration", "staff" or "officers", is not permitted under § 1983 and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

If Plaintiff is attempting to assert a claim based solely on the supervisory roles of any of the Defendants, then his complaint still fails to state a claim. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v.*

8

*Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).

In that same vein, Plaintiff's only allegations against Defendants Mitchell and Trombley are that they are supervisors at the Muscogee County jail whose "failure to act and respond to the grievances filed by Allen violated Allen's Eighth, First, Fifth, and Fourteenth Amendment rights by failing to protect Allen, and denying him the right to petition the government for a redress of grievances and denying Allen due process of law." ECF No. 1 at 16. However, a supervisor is not "personally involved" in a constitutional violation merely because he fails to respond to complaints from a prisoner. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional

9

violation"); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).   Moreover, a prisoner certainly has no constitutional right to participate in grievance procedures.   See *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state")); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.").   Similarly, inmates simply do not enjoy a constitutional right to an investigation of their complaints by government officials.   *See e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement); *Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Oliver v. Collins*,

904 F.2d 278, 281 (5th Cir. 1990) (affirming dismissal claims against sheriff who failed to press criminal charges against plaintiff's assailant because "[e]ven if [the sheriff] were the person with authority to decide whether or not to pursue criminal charges ... "[t]he decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability"); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials). Thus, Plaintiff's claims against Defendants Mitchell and Trombley in their supervisory roles and about a failure to respond to his grievances or otherwise investigate his complaints fail to state a claim under § 1983.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit a recast complaint if he wishes to proceed with this civil action. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration at the Muscogee County Jail as he appears to have done in the present complaint.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to

plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What legally permissible relief do you seek from this Defendant?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link

a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for … failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with … Rule 20(a)").

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. Plaintiff is not to include any exhibits or attachments. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

As set forth above, an initial review of Plaintiff's complaint reveals that Plaintiff has improperly joined unrelated claims in violation of the Federal Rules of Civil Procedure and most of Plaintiff's claims are subject to dismissal for failure to state a claim for which relief may be granted.  If Plaintiff wishes to proceed with this action, then he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed herein within **FOURTEEN (14) DAYS** from the date of this Order. Plaintiff's motion for the appointment of counsel (ECF No. 2) is **DENIED**.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is also **DENIED**, and Plaintiff is **ORDERED** to pay the full filing fee of $402.00.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required filing fee to the Clerk of Court.  There shall be **no service** in this case until further order of the Court and Plaintiff shall keep the Court informed of any future address change.  Failure to comply with the Court's order will result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on each) to Plaintiff for his use in complying with this order of the Court.

**SO ORDERED and DIRECTED**, this 18th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE